IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HARRY SHAROD JAMES-EL, )
)
Plaintiff, )
)
v. ) 1:21CV159
)
ERIK A. HOOKS, et al., )
)
Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action

pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The

form of the Complaint is such that serious flaws make it impossible to further process the

Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review. Plaintiff submitted an *in forma pauperis* application. However, rather than writing the amount of deposits into his prison trust account or its balance, he wrote "N/A," which generally means "Not Applicable" or "Does Not Apply." Those amounts are applicable, they do apply, and Plaintiff must disclose them if he seeks to proceed *in forma pauperis*.

2. To a great extent, the Complaint seeks to attack a prison disciplinary conviction. Plaintiff cannot do this without first showing that such conviction has been reversed on appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). He does not do so and, in fact, it appears that the conviction remains in place. Further, because he claims that conviction affected his good time credits, if he seeks to challenge that conviction in this Court, he must do so through a petition for a

writ of habeas corpus under 28 U.S.C. § 2254 after exhausting any available remedies in the state courts.

3.      As to any possible claims not attacking the disciplinary conviction, Plaintiff states in the Complaint that he did not fully exhaust available administrative remedies.  Exhaustion is required before Plaintiff may bring this action.  See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001).  The failure to exhaust is clear from the face of the Complaint. See Custis v. Davis, 851 F.3d 358, 361-62 (4th Cir. 2017); Anderson v. XYZ Correctional Health Servs., 407 F.3d 674, 681-82 (4th Cir. 2005).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint.  To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.  The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 23rd day of March, 2021.

_____
Joe L. Webster
United States Magistrate Judge