# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HARRY SHAROD JAMES-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV159 |
| | ) | |
| ERIK A. HOOKS, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE

This matter is before the Court upon Plaintiff Harry Sharod James-El's document entitled, "Affidavit Requesting this Court to Reconsider." (Docket Entry 9.) This document was filed after the Court's entry of Judgment in this matter on April 8, 2021. (*See* Docket Entry 8.) Thus, the Court construes Plaintiff's document as a motion for reconsideration of its Judgment under Federal Rules of Civil Procedure 59(e). As explained herein, Plaintiff's motion should be denied.

Plaintiff initiated this action by submitting a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. (*See* Docket Entries 1, 2.) The undersigned noted serious flaws making it further impossible to process the Complaint. (Docket Entry 4.) Those flaws included Plaintiff's failure to submit the filing fee or a proper affidavit to proceed *in forma pauperis* for the Court's review. (*Id.* at 1.) Next, the undersigned noted that the Complaint mostly seeks to attack a prison disciplinary conviction, which Plaintiff cannot do without first showing that such conviction has been reversed on appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a

1

federal court through the issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477 (1994). The undersigned further indicated that Plaintiff would need to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state court remedies if he seeks to challenge a disciplinary conviction affecting his good time credits. (Docket Entry 4 at 1-2.) Lastly, Plaintiff was reminded that he is required to fully exhaust his administrative remedies for any possible claims not attacking the disciplinary conviction. (*Id.* at 2.)

Consequently, the undersigned entered a Recommendation that the action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects noted above. (*Id.* at 3.) A Notice was sent to Plaintiff informing him of the Recommendation and informing Plaintiff of the time in which he would be permitted to file objections to the Recommendation. (Docket Entry 5.) After review of Plaintiff's objections (Docket Entry 6), Judgment was entered on April 8, 2021, adopting the undersigned's previous Recommendation. (Docket Entry 8.) On April 16, 2021, the Court received Plaintiff's pending document which it construes as a motion for reconsideration of the April 8, 2021, Judgment pursuant to Federal Rule of Civil Procedure 59(e). (Docket Entry 9.)

Reconsideration of a previous Judgment under Rule 59(e) is at the discretion of the Court.[1] *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994). The Fourth Circuit has granted the motion only in narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or

---

[1] The undersigned notes that Plaintiff's motion was filed within 28 days of entry of the Judgment.

(3) to correct a clear error of law or prevent manifest injustice." *Id.* (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered . . . ." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal citations omitted). Reconsideration of a judgment is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998) (internal citations and quotations omitted).

A review of Plaintiff's motion indicates that none of the narrow circumstances above are present here to warrant granting the motion. Plaintiff's motion does not assert either a change in the law, the discovery of new evidence that was previously unavailable, or a legal error so clear or the risk of an injustice so manifest that it provides a basis for invoking the "extraordinary remedy" of altering or amending the final Judgment of the Court. Instead, Plaintiff generally makes the same arguments he unsuccessfully presented in the objections to the undersigned's previous Recommendation. More specifically, Plaintiff takes issue with the requirement that he complete a proper affidavit to proceed *in forma pauperis*. (Docket Entry 9 at 2.) He indicates that the United States Constitution only recognizes gold or silver coins as a lawful tender which he does not possess. (*Id.*) However, there is no requirement in 28 U.S.C. §1915(b)(1) that payment be demanded or even accepted in gold or silver. Additionally, Federal reserve notes are legal tender in the United States and are accepted for payment of all debts. *See The Legal Tender Cases*, 110 U.S. 421, 437-37 (1884).

Plaintiff also states that his complaint is in compliance with the federal civil procedure rules, essentially asserting that he properly alleged that Defendants unlawfully confiscated legal books, read and made copies of legal mail, and deemed him a member of a state-created prison

3

gang. (Docket Entry 9 at 3.) As previously noted, regarding any possible claims not attacking the disciplinary conviction, Plaintiff states in the Complaint that he did not fully exhaust available administrative remedies which he is required to do. *See* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). Ultimately, Plaintiff fails to present any argument warranting reconsideration under Rule 59(e), thus his motion should be denied. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's document entitled, "Affidavit Requesting this Court to Reconsider" (Docket Entry 9), construed as a motion for reconsideration of the Court's April 8, 2021 Judgment, be **DENIED**.

*/s/ Joe L. Webster*
Joe L. Webster
United States Magistrate Judge

August 4, 2021
Durham, North Carolina